John Elson (State Bar No. 92620)
1840 41st Avenue
#102-176
Capitola, CA 95010
Telephone: (831) 475-8535
Facsimile: (831) 475-8532
E-mail: j_h_elson@yahoo.com

Attorney for plaintiff
TERRY DOUBT

John M. Cowden (State Bar No. 224963)
S. Christine Young (State Bar No. 253964)
JACKSON LEWIS LLP
199 Fremont Street, 10th Floor
San Francisco, California 94105
Telephone:  (415) 394-9400
Facsimile:  (415) 394-9401
E-mail:  cowdenj@jacksonlewis.com
E-mail:  youngc@jacksonlewis.com

Attorneys for defendant
NCR CORPORATION

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY DOUBT, an individual, Plaintiff, v. NCR CORPORATION, A Maryland Corporation, and DOES 1 through 100, inclusive, Defendants. | Case No. C 09-05917 SBA **PLAINTIFF TERRY DOUBT'S AND DEFENDANT NCR CORPORATION'S JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER** Date: September 14, 2010 Time: 1:00 p.m. Courtroom: 1 (Fourth Floor) Action Removed: December 17, 2009 Trial Date: None yet set. |

Pursuant to this Court's June 28, 2010 Order for Further Briefing, this Court's Standing Order, and Civil Local Rule 16-9, plaintiff Terry Doubt ("plaintiff" or "Doubt") and defendant NCR Corporation ("defendant" or "NCR") by and through their respective counsel, submit the within Joint Case Management Conference Statement and [Proposed] Order.

*1*

## 1.    Jurisdiction and Service

The Court has jurisdiction in this case on the basis of diversity.  28 U.S.C. §§ 1332(a) and 1441(a).  Plaintiff was at the time the action commenced, and still is, a citizen of the State of California, and currently resides in California.  Defendant was at the time the action commenced a citizen of the State of Ohio under 28 U.S.C. Section 1332(c), in that its principal place of business was in the State of Ohio.   Defendant has since moved its principal place of business to Duluth, Georgia.  Further, defendant is incorporated in the State of Maryland.  The amount in controversy in this action exceeds $75,000.00.  NCR has been served with a summons and complaint in this action.

## 2.    Facts

On September 15, 2009, plaintiff commenced the action entitled Terry Doubt v. NCR Corporation, A Maryland Corporation, and Does 1-100 by filing a complaint against defendant in the Superior Court of the State of California, Alameda County, Case Number RG09474148 ("Complaint").  Defendant removed the case to Federal Court on December 17, 2009.

Plaintiff's original Complaint alleges the following common law causes of action: (1) discrimination based on age; (2) retaliation for complaints concerning working conditions; and (3) retaliation for complaints concerning violations of law.

Plaintiff intends to amend the Complaint (1)  to restate these common law claims, (2) to add a statutory discrimination claim under California Government Code §12940 (FEHA), and to add common law claims for breach of implied contract to terminate for cause, and breach of the implied covenant of good faith and fair dealing.

Plaintiff worked for NCR as a Field Engineer; his employment was terminated on September 18, 2008.  Plaintiff alleges that his employment was terminated because of his age and in retaliation for complaining about working conditions and violations of law, and that NCR

breached the implied contract to terminate for cause and the implied covenant of good faith and fair dealing.

Defendant denies plaintiff's allegations in their entirety, and specifically denies it discriminated against plaintiff based on any protected characteristic or behavior or breached any implied contract or violated the covenant of good faith and fair dealing. Defendant maintains it terminated plaintiff's employment based on plaintiff's poor performance and that plaintiff's employment was, at all times, at-will.

The parties have met and conferred regarding the numerous factual issues they believe exist or potentially exist in this matter. The fact that any particular issue is listed does not necessarily indicate that both parties agree that the issue is relevant to the case, or even appropriately stated. Rather, it simply indicates that at least one of the parties believes the issue, as stated, is relevant at this time. The factual issues the parties dispute include the following:

- Whether plaintiff complained to defendant about working conditions;

- Whether plaintiff complained to defendant about violations of law;

- Whether defendant devised and implemented a plan to terminate high wage rate Customer Engineers as part of a cost-cutting program which had a disparate impact on older employees, such as plaintiff;

- Whether defendant treated plaintiff differently because he was over 40 years old;

- Whether one of the motivating factors for NCR's decision to terminate plaintiff's employment was the amount of overtime NCR had had to pay plaintiff;

- Whether defendant terminated plaintiff's employment due to amount of money defendant would have to pay plaintiff as part of defendant's settlement of the *Teeter v. NCR* .class action, Central District of California case number ED CV 08-00297 SGL (JCRx);

- Whether plaintiff had an employment agreement with defendant other than for

employment at-will;

- Whether plaintiff suffered emotional distress as a result of any allegedly illegal treatment by defendant;

- Whether plaintiff's job performance was properly evaluated and found to be substandard prior to his termination;

- Whether plaintiff incurred lost wages due to any allegedly illegal conduct by defendant and, if so, in what amount;

- Whether plaintiff has failed to mitigate his damages; and

- Whether defendant acted with malice or oppression in terminating plaintiff's employment.

**3.    Legal Issues**

The parties have met and conferred regarding the numerous issues they believe exist or potentially exist in this matter.  The fact that any particular issue is listed does not necessarily indicate that both parties agree that the issue is relevant to the case, or even appropriately stated. Rather, it simply indicates that at least one of the parties believes the issue, as stated, is relevant at this time.  The legal issues that the parties dispute include the following:

- Whether plaintiff's employment was at-will

- Whether, in violation of California public policy or statute, defendant discriminated against plaintiff on the basis of his age;

- Whether, in violation of California public policy, defendant retaliated against plaintiff for complaining about working conditions;

- Whether, in violation of California public policy, defendant retaliated against plaintiff for complaining about violations of law;

- Whether NCR's termination of plaintiff's employment was in contravention of fundamental public policy based upon the obligation in California *Labor Code* §510 to

4

pay overtime

- Whether defendant acted with malice, oppression, fraud, and in reckless disregard of plaintiff's rights;

- Whether plaintiff is entitled to any damages as a result of defendant's alleged actions;

- Whether plaintiff can establish the essential elements for any of his causes of action;

- Whether defendant is entitled to summary judgment;

- Whether plaintiff has failed to mitigate his damages.

**4.      Motions**

Defendant filed a Motion to Compel Arbitration which is presently scheduled to be heard on September 14, 2010, immediately preceding the Case Management Conference.

Plaintiff will submit within a day or two a stipulation for defendant to sign for the filing of a first amended complaint as defense counsel has graciously agreed to stipulate to the filing of the first amended complaint.

Defendant will file dispositive motions to dismiss or limit plaintiff's claims.

If the case proceeds to trial or arbitration, defendant may move to bifurcate liability and damages.

The parties agree that additional motions, not presently foreseeable, may be necessary depending on the results of discovery and further investigation.

The parties further agree that pre-trial motions shall be governed by Local Rule 7, without modification, should defendant's motion to compel arbitration be denied.

**5.      Amendment of Pleadings**

Plaintiff intends to amend his Complaint to include additional state law claims.  Defendant proposes September 30, 2010 as the deadline for amending the pleadings.

**6.      Evidence Preservation**

Both parties have taken steps to preserve evidence relevant to the issues in this action. Specifically, defendant has issued evidence preservation notices to all employees reasonably expected to possess relevant evidence.

**7.   Disclosures**

The parties have made their initial disclosures, pursuant to Fed. R. Civ. P. 26. The parties have exchanged lists of potential witnesses and have produced documents they expect to rely upon at trial or arbitration of this matter.

**8.   Discovery**

To avoid unnecessary disputes concerning any items of discovery, plaintiff requests that the scope of discovery be any matter that is "relevant to the subject matter involved in the action" rather than "relevant to any party's claim or defense". Defendant objects to changing the scope of discovery. The Court's ruling on defendant's Motion to Compel Arbitration will determine the appropriate forum and scope of discovery. In the event the case will be litigated in the present forum, defendant requests that the scope of discovery remain as it is under FRCP Rule 26(b), that is that the "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense".

In July 2010, plaintiff propounded written discovery, including a Request for Production of Documents and Request for Admissions. Defendant objected to plaintiff's written discovery, as well as his request to take a number of depositions in the Midwest and on the East Coast, pending the Court's ruling on its Motion to Compel Arbitration.

The parties are in the process of meeting and conferring as per the directions in Magistrate Spero's April 26, 2010, order concerning discovery motions.

Should the Court deny defendant's Motion to Compel Arbitration, defendant anticipates substantively responding to plaintiff's discovery requests and serving written discovery requests

on plaintiff. In addition, defendant anticipates noticing plaintiff's deposition to commence no later than December 31, 2010.

The parties have reserved the week of November 1, 2010 for a deposition of defendant under FRCP Rule 30(b)(6). As yet, this deposition has not been formally noticed. The parties have also reserved the week of December 13, 2010 for percipient witness depositions of various individuals in Atlanta, and possibly New York City and Chicago.

Plaintiff contends that he requires the fruits of the discovery served in July to which defendant has objected before he can proceed with the percipient witness depositions in December. Defendant contends it is premature to propound or respond to discovery before the parties know the forum in which they will be litigating.

### a.   Written discovery

The parties agree that responses to written discovery requests shall be due within thirty (30) days of propounding the requests, if the discovery requests are served by hand. Defendant submits that if the requests are served by mail, the parties shall have thirty-five (35) days to respond to the discovery requests. Plaintiff submits that the parties should be allowed to serve discovery electronically, with electronic service deemed complete the day of emailing, as the Court has ordered that this matter is subject to Electronic Case Filing.

Defendant agrees that all requests for production shall be governed by Federal Rule of Civil Procedure 34, without modification of that rule. Plaintiff asks that electronically stored information ("ESI") being produced be both printed and provided electronically, as plaintiff has produced in both formats in his initial Rule 26 disclosures to defendant. The parties have already negotiated and filed a stipulated protective order. Defendant objects to producing documents electronically, if doing so will significantly increase the expense of production.

The parties agree that all requests for admission shall be governed by Federal Rule of

1  Civil Procedure 36, without modification of that rule.

2       Defendant submits that all interrogatories shall be governed by Federal Rule of Civil

3  Procedure 33, without modification of that rule.  Plaintiff submits that the parties should be

4  allowed to propound the California Judicial Council form interrogatories - employment, and form

5  interrogatories - general, interrogatory 17.1, without those interrogatories counting in the

6  limitation of 25 interrogatories imposed by Rule 33(a)(1).

7

8       **b.     Discovery Limitations**

9       The arbitration agreement NCR seeks to enforce limits discovery to two depositions per

10 side, plus depositions of any expert witnesses, although either party may petition the arbitrator for

11 additional discovery.

12

13      Should the Court deny defendant's motion to compel arbitration, defendant agrees to limit

14 its discovery as required by the Federal Rules unless the parties mutually agree otherwise.

15      Plaintiff requests that the ten deposition rule in FRCP Rule 30(a)(2)(A)(i) be modified so

16 that the number of depositions not be limited to ten, but that plaintiff will consume no more than

17 seventy (70) hours in direct examination of deponents whose depositions are noticed by plaintiff,

18 so that the total time consumed in plaintiff's examination of witnesses in depositions noticed by

19 plaintiff conforms to the time limitations of Rules 30(a)(2)(A)(i) and 30(d)(1).

20

21      **c.     The Parties' Respective Discovery Plans**

22      The fact that any particular item of discovery is listed does not necessarily indicate that

23 both parties agree that the discovery is relevant to the case.  Rather, it simply indicates that at

24 least one of the parties believes the discovery is relevant.

25      **i.     Plaintiff's Discovery Plan**

26      Plaintiff has served requests for admissions under Rule 36, and a demand for the

27 production of documents under Rule 34.  Defendant has objected to both, and has refused to

28

JOINT CASE MANAGEMENT STATEMENT

produce any of documents sought pending the Court's ruling on the motion to compel arbitration.

By the time of the September 14, 2010, case management conference, or shortly thereafter, plaintiff will have served a notice of deposition of NCR under Rule 30(b)(6), and another demand for documents under Rule 34, and interrogatories under Rule 33. Plaintiff may propound additional requests for the admissions of facts and the genuineness of documents.

After receipt of the fruits of this discovery, which may require motions to compel, plaintiff will depose a number of individuals: Chris Wallace, Chris Cheadle, Joe Hoyle, Vicki Rennick, Dave Henderson, Bill Nuti, Jeff Kiss, Tom Alvey, Steve Battleson, Hannibal Morales, Don Pursell, John Foote, John Harvey, Bruce Schagunn, Brenda Michalek, Erick Aguilar, and those whose names appear in documents yet to be produced.

While the number of depositions would exceed ten as allowed by Rule 30(a)(2)(A)(i), plaintiff does not expect any of these depositions to last the full seven hour day allowed by Rule 30(d)(1). Instead, plaintiff expects each individual deposition to last no more than two to three hours, some less than that.

Accordingly, plaintiff requests that he be allowed a total of seventy (70) hours in deposition for direct examination of the deponents, regardless of the number of depositions to be taken by plaintiff.

Due to lead defense counsel's plans to be out of the country (Sept. 15th - Oct 20th) it is not feasible to travel to various points east (Georgia, New York, Illinois) to depose NCR until the first week of November, with the depositions of various individuals scheduled for mid-December.

Plaintiff's discovery will address several subjects:

- NCR policies and practices concerning evaluating, criticizing or rewarding employee performance;

9

- The duties of NCR's Customer Engineers (such as plaintiff), and the criteria by which NCR measured or assessed their job performance;

- Plaintiff's workload in the months before his termination, in particular the absence of a full complement of Customer Engineers in the Monterey Team workgroup and how that affected plaintiff's ability to comply with the "metrics" by which Customer Engineers' job performance was measured

- NCR's cost-cutting program in general, and concern with salary expense in particular;

- NCR's directive from Human Resources in the spring of 2008 to terminate employees whose "metrics" did not meet certain standards;

- NCR's liability to Terry Doubt for overtime in the Teeter v. NCR class action matter, and the extent to which that liability was considered by any of the decision makers responsible for plaintiff being fired;

- NCR knowledge of employee complaints concerning the working conditions, the amount of overtime required of Customer Engineers, and the unfairness and inaccuracy of blind reliance upon the "metrics" to measure or assess job performance.

- Whether plaintiff was an at-will employee, or was subject to a requirement of good cause to terminate his employment;

      ii.    Defendant's Discovery Plan

Should the Court deny defendant's pending Motion to Compel Arbitration, defendant anticipates serving a Request for Production and a set of Special Interrogatories on plaintiff and noticing plaintiff's deposition to commence no later than December 31, 2010.

**9.**    **Class Actions**

This is not a class action.

**10.**    **Related Cases**

The parties are not aware of any related cases.

## 11.    Relief

Plaintiff seeks the following relief: (1) general damages; (2) punitive damages; (3) special damages; (4) pre-judgment interest; (5) attorney's fees; and (6) costs.

Defendant denies plaintiff is legally entitled to any such relief and seeks its costs of defense.

## 12.    Settlement and ADR

Plaintiff and defendant have complied with ADR Local Rule 3-5 by filing the ADR Certification signed by clients and counsel.  On June 3, 2010, the parties participated in a mediation conducted by a court-appointed mediator but were unable to reach a settlement.  At this juncture, the parties believe it would be fruitless to participate in further ADR, as their views on the value of the case are too far apart.  Also, defendant needs to take plaintiff's deposition before it can participate in further ADR.

## 13.    Consent to a Magistrate Judge For All Purposes

The parties discussed consenting to having a magistrate judge conduct all further proceedings including trial and entry of judgment but have not been able to reach agreement on this point.

## 14.    Other References

At this time, defendant would recommend referring this case to binding arbitration, as its pending Motion to Compel Arbitration suggests, and which plaintiff opposes.  The parties do not recommend referral to a special master or the Judicial Panel on Multidistrict Litigation.

## 15.    Narrowing of Issues

Defendant submits that the issues in this case may be narrowed by a motion for judgment on the pleadings or a motion for summary judgment, or in the alternative, partial summary

judgment. The parties are unaware of any other means to narrow the issues at this time.

**16.     Expedited Schedule**

Plaintiff is unaware of any means to expedite or to streamline the process at this time. Defendant contends its pending Motion to Compel Arbitration will streamline the process. As stated above, defendant may move to bifurcate liability and damages at trial or arbitration.

**17.     Scheduling**

The parties disagree on scheduling.

Defendant submits that in the event the Court denies defendant's Motion to Compel enforcement of the parties' arbitration agreement, the Court should order the following:

| | | |
|---|---|---|
| a. | Last day to file motion to amend complaint | September 30, 2010 |
| b. | Non-expert discovery cut-off | February 28, 2011 |
| c. | Hearing on dispositive motions | June 17 , 2011 |
| d. | Designation of experts | July 15, 2011 |
| e. | Pre-trial conference | September 9, 2011 |
| f. | Trial | October 10, 2011 |

Plaintiff submits that without having the fruits of the discovery previously served in July, he cannot commit to a deadline of September 30th for amending the complaint. Plaintiff proposes that the deadline for amending the complaint be after plaintiff has obtained the discovery served in July, and the Rule 30(b)(6) motion which should take place in November.

Assuming plaintiff obtains the documents previously sought by November 1st, and is able to proceed with the deposition of NCR in the week of November 1st, plaintiff proposes the deadline for amending the complaint be November 15, 2010, with the balance of the deadlines as proposed by defendant.

**18.     Trial**

Plaintiff has demanded a jury trial. At this time, the parties estimate a trial will last approximately seven (7) to ten (10) full court days. The parties are unaware of any means to expedite or to streamline the process at this time apart from defendant's motion to compel arbitration.

**19.    Disclosure of Non-Party Interested Entities or Persons**

Defendant has filed a Certification of Interested Entities or Persons. The interested Parties include NCR Corporation and Terry Doubt.

DATED: September ___, 2010

Respectfully submitted,

By _____
John Elson
Attorney for Plaintiff TERRY DOUBT

DATED: September 3, 2010

Respectfully submitted,
JACKSON LEWIS LLP

By _____
John M. Cowden
S. Christine Young
Attorneys for Defendant NCR CORPORATION

JOINT CASE MANAGEMENT STATEMENT
AND [PROPOSED] ORDER                                    Case No. C 09-05917 SBA

# CASE MANAGEMENT ORDER

On September 14, 2010 at 1:00 p.m., in Courtroom 1, Fourth Floor of the above-captioned court, the Honorable Saundra B. Armstrong conducted a case management conference. The Court now makes the following orders.

The Joint Case Management Statement and Proposed Order incorporating plaintiff's discovery plan/defendant's discovery plan is hereby adopted by the Court as the Case Management Order for the case and the Parties are ordered to comply with this Order.

In addition, the Court orders:

1.    Plaintiff's request that the scope of discovery be any matter that is "relevant to the subject matter involved in the action" rather than "relevant to any party's claim or defense" is _____.

2.    Plaintiff's request that electronically stored information ("ESI") being produced be both printed and provided electronically is _____.

3.    Plaintiff's request that the parties should be allowed to propound the California Judicial Council form interrogatories - employment, and form interrogatories - general, interrogatory 17.1, without those interrogatories counting in the limitation of 25 interrogatories imposed by Rule 33(a)(1), is _____.

4.    Plaintiff's request that the ten deposition rule in FRCP Rule 30(a)(2)(A)(i) be modified so that the number of depositions not be limited to ten, but that plaintiff will consume no more than seventy (70) hours in direct examination of deponents whose depositions are noticed by plaintiff, is _____.

5.    Plaintiff's request that service of discovery documents may be made electronically, i.e., by email, with service deemed complete at the time the email is sent, is _____.

14

6.      As to scheduling, the Court sets the following:

a. Last day to file motion to amend complaint             _____, 2010

b. Non-expert discovery cut-off                           _____, 2011

c. Hearing on dispositive motions                         _____, 2011

d. Designation of experts                                 _____, 2011

e. Pre-trial conference                                   _____, 2011

f. Trial                                                  _____, 2011

It is so ordered.

Dated: _____ 2010

_____
Hon. Saundra B. Armstrong
U. S. District Court Judge