# JOHN ELSON
ATTORNEY AT LAW
1840 41st Ave.
#102-176
Capitola, CA 95010-2527
831-475-8535 voice
831-475-8532 fax
j_h_elson@yahoo.com

June 7, 2011

Magistrate Judge Joseph C. Spero
United States District Court
450 Golden Gate Avenue
Courtroom A, Fifth Floor
San Francisco, CA 94102-3611

      Re:   *Doubt v. NCR*
             Case # C09-05917 SBA (JCS)

Dear Judge Spero:

    I request your assistance concerning four brief discovery motions by plaintiff:

1. To compel defendant to provide the addresses and phone numbers of witnesses NCR disclosed under Rule 26(a)(1)(A)(i);

2. To compel NCR to produce electronically stored information responsive to plaintiff's second Rule 34 request for documents;

3. To compel NCR to answer, without objection, plaintiff's first set of interrogatories (13 questions); and

4. To compel NCR to answer, without objection, plaintiff's second set of interrogatories (2 questions).

    The parties had scheduled the in person meeting required by your April 23, 2010 order concerning discovery disputes for May 16, 2011 in defense counsel's office, but defense counsel canceled the meeting on or about May 12th, and has refused to meet in person despite several requests.

    As plaintiff wishes to bring motions to compel, and I cannot get defense counsel to cooperate in having the in person meeting required by your order, I have no alternative but to ask that you either order defense counsel to meet in person so that plaintiff may get these matters before the court, or you allow plaintiff to file the motions instead of proceeding via joint letters.

1

## THE DISCOVERY IN ISSUE

1.  <u>Witness information required by Rule 26(a)(1)(A)(i)</u>.

NCR's initial Rule 26 disclosure identified four people, John Foote, John Harvey, Bruce Schagunn and Brenda Michalek, as those supporting NCR's defenses. NCR refuses, however, to provide the addresses and phone numbers despite the command of Rule 26(a)(1)(A)(i) that this information be shared. Schagunn and Michalek no longer work for NCR, and Foote and Harvey are reportedly in New York and/or Arizona. As an authoritative treatise notes, a "party designating its employees as witnesses must disclose their home addresses, telephone and cell numbers (not just their business address and phone numbers)," *Federal Civil Procedure Before Trial* (TRG, 2011) ¶11:231, citing *Thurby v. Encore Receivable Management, Inc.* (D. Co., 2008) 251 F.R.D. 620.

Plaintiff emailed defense counsel a letter on May 10, 2011 setting forth in detail why NCR's disclosure was inadequate and the applicable law, and requesting the in person meeting required by your April 23, 2010 order concerning discovery disputes.

2.  <u>The ESI sought by plaintiff's second Rule 34 request</u>.

In response to plaintiff's second request for documents which sought electronically stored information ("ESI;" emails and documents which NCR had produced in hardcopy as part of its initial disclosure), on March 24, 2011, NCR served its written response, stating with regard to each category "Defendant will produce the documents responsive to this request that are in its possession, custody and control, to the extent they exist."

But no ESI was produced on March 24th.

Thereafter, during an in-person meeting on March 28, 2011, concerning NCR's intention to seek a protective order concerning plaintiff's notice of deposition of NCR under Rule 30(b)(6), NCR's failure to produce the ESI was discussed, but no ESI has been produced since that time.

Plaintiff emailed defense counsel another letter on May 10, 2011 setting forth in detail why NCR was obligated to produce the ESI, which is inarguably available as NCR was able to produce it in hardcopy as part of its Rule 26 initial disclosure. Plaintiff contends he "is entitled to individualized, complete responses to each of the requests, as numbered and identified in the requests, *accompanied by production of each of the documents responsive to the request*, regardless of whether the documents have already been produced," *Louen v. Twedt* (ED CA, 2006) 236 F.R.D. 502, at 505.

Plaintiff again requested the in person meeting required by your April 23, 2010 order concerning discovery disputes.

2

3.    Plaintiff's first set of interrogatories.

On March 24, 2011 NCR served its responses to plaintiff's first set of interrogatories. NCR failed to answer any of them, despite stating "no objection" to numbers 5 and 6, and to the balance, 1 through 4, and 7 through 12, and 14[1], interposing general boilerplate objections.

Caselaw has repeatedly and unequivocally dismissed NCR's boilerplate as the "familiar litany" ineffective to qualify as valid objection, e.g., *Josephs v. Harris Corp.* (3d Cir.1982) 677 F.2d 985, 992 ("the mere statement by a party that the interrogatory was 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection to an interrogatory."). "Bare assertions of undue burden do not suffice," *Pulsecard, Inc. v. Discover Card Services, Inc.* (D.Kan., 1996) 168 F.R.D. 295, at 311. "Mere recitation of familiar litany that interrogatory is 'overly broad, burdensome, oppressive, and irrelevant' does not suffice as specific objection," *Miller v. Pruneda* (N.D. W.Va., 2004) 236 F.R.D. 277, 281 [internal quotations and citations omitted]. "The objection that a request was overly broad, burdensome, oppressive and irrelevant is not adequate to voice a successful objection," *Wagner v. St. Paul Fire & Marine Ins. Co.* (ND W.Va., 2006) 238 F.R.D. 418 at 426 [internal quotation and citation omitted].

Instead, NCR was required to explain why each interrogatory was impermissible for the boilerplate reasons asserted by NCR's objections, "The party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections," *Keith H. v. Long Beach Unified School Dist.* (C.D.CA, 2005) 228 F.R.D. 652, at 655-656, citing *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir.1975).

On May 17, 2011 plaintiff again emailed defense counsel a letter explaining why each interrogatory sought information relevant to the claims or defenses of the parties, and explaining why the objections were insufficient as a matter of law, and requested the in person meeting required by your April 23, 2010 order concerning discovery disputes.

4.    Plaintiff's second set of interrogatories.

On March 24, 2011 NCR served its responses to plaintiff's second set of interrogatories, which contained two questions.

NCR interposed the identical objection to each interrogatory,

Defendant objects to this interrogatory as overbroad, irrelevant, and not reasonably calculated to lead to discovery of admissible evidence. Defendant further objects to

---

[1] NCR was correct that interrogatory 13 duplicated interrogatory 2.

3

this interrogatory as unduly burdensome, cumulative, and duplicative of discovery already propounded and information already produced in this litigation.

As indicated by the authorities mentioned above, this objection is insufficient as a matter of law.

On May 15, 2011 plaintiff again emailed defense counsel a letter explaining why each interrogatory sought information relevant to the claims or defenses of the parties and why the objections were insufficient as a matter of law, and requested the in person meeting required by your April 23, 2010 order concerning discovery disputes.

## PLAINTIFF'S EFFORTS TO OBTAIN DEFENDANT'S COOPERATION IN BRINGING THE MOTIONS

As the first in person meet and confer concerning discovery took place in late 2010 in defense counsel's office, defense counsel was obligated to come to Santa Cruz this time as per your order that the parties alternate locations for the in person meeting, but plaintiff nonetheless volunteered to have the meeting in defense counsel's office in San Francisco.

We agreed to meet on May 16, 2011, but on or about May 12th defense counsel canceled the meeting even though I was coming to his office to spare him the trip to Santa Cruz.

After canceling the May 16th meeting defense counsel initially agreed to come to Santa Cruz on his way to visit a client in Monterey, but then proposed a phone conversation in lieu of meeting in person.

I advised that your order required an in person meeting, and as plaintiff was the moving party, I was unwilling to gamble that you would deem a phone conversation sufficient.

In response defense counsel then advised he would set up a conference call with you to seek being excused from having the meeting in person.

Since doing so, however, defense counsel has refused, despite repeated requests, to either contact your chambers to arrange for the conference call, or to schedule the in person meeting I have requested concerning each of the discovery motions.

I am concerned that the snail's pace with which defendant responds to my efforts to move this case forward has now ground to a halt and will not progress without the Court's intervention.

Accordingly, I ask that either order defense counsel to meet in person, or allow plaintiff to file the motions without further adieu.

4

      Without your intervention discovery in this matter will simply not proceed due to defendant's intransigence.

      Kind Regards,

      JOHN ELSON

cc:    Patrick Mullin  (via email only)

JE: hs