UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| TERRY DOUBT, an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>NCR CORPORATION, a Maryland Corporation, et al.,<br><br>    Defendants. | Case No: C 09-5917 SBA<br><br>**ORDER**<br><br>**(Dkt. 48, 51)** |

Plaintiff brought the instant age discrimination action under California Fair Employment and Housing Act ("FEHA"), Cal. Gov. Code §12940, in California Superior Court, County of Alameda, which Defendant subsequently removed based on diversity jurisdiction. Dkt. 1. The parties are presently before the Court on Plaintiff's Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge ("Motion Objecting to Discovery Order"). Plaintiff objects to certain portions of the Magistrate Judge's Discovery Order Re: Joint Discovery Letter ("Discovery Order"). Dkt. 47. In his Discovery Order, Magistrate Judge Joseph C. Spero resolved discovery disputes arising from Plaintiff's motion to compel discovery. Having read and considered the papers filed, and being fully informed, the Court hereby DENIES Plaintiff's Motion Objecting to Discovery Order.

I.  **BACKGROUND**

Defendant NCR Corporation ("Defendant") maintains and services automated teller machines ("ATMs") or "point of sale" devices of retail banks and businesses. Dkt. 1 ¶1 at 9. Defendant hires customer engineers to maintain ATMs or point of sale devices. Id. ¶3 at 10; Dkt. 46 at 1. Defendant assigns customer engineers to certain geographic areas. Id.

Plaintiff Terry Doubt ("Plaintiff") was employed by Defendant as a customer engineer in Monterey, California.  Dkt. 1 ¶1 at 9; Dkt. 46 at 1.  On April 30, 2008, Defendant placed Plaintiff on a "performance improvement plan" ("PIP"), asserting that Plaintiff had poor "SLAs," which are Defendant's statistical measures of employee productivity.  Id.  On September 16, 2008, Defendant fired Plaintiff, alleging unsatisfactory job performance based on his failure to improve his SLAs.  Id.

On September 15, 2009, Plaintiff filed suit against Defendant in state court.  Dkt. 1 at 9.  Plaintiff claims Defendant fired him because of his age in that Defendant allegedly sought to reduce costs by firing higher earning, older customer engineers.  Dkt. 46 at 1.  Moreover, Plaintiff alleges that Defendant fired him as part of a plan to avoid paying employees a significant settlement in a class action alleging failure to pay overtime.  Id.  Plaintiff also alleges that Defendant fired him in retaliation for complaints he made concerning Defendant's employment practices, working conditions and violations of the law.  Dkt. 1 ¶ 11 at 38.  On December 17, 2009, Defendant removed the action to this Court.  Dkt. 1.  On April 22, 2010, the case was referred to Magistrate Judge Joseph C. Spero for discovery proceedings.  Dkt. 21.

On July 2, 2010, Plaintiff propounded requests for production of documents and requests for admissions on Defendant.  Dkt. 46 at 4, 66-69.  On August 2, 2010, Defendant served its responses, which amounted to raising objections and refusing to produce any documents or responding to any requests for admissions.  Id.  On September 7, 2010, Plaintiff sent Defendant a letter and a 165-page attached statement explaining why the documents sought were discoverable and should be produced.  Id.  On October 7, 2010, the parties met in person in an attempt to resolve the dispute over the requests for production and requests for admissions.  Id.  Defendant agreed to produce documents responsive "to most categories" of the document requests.  Id.  Defendant also agreed to admit or deny the requests for admissions.  Id.

With regard to the matters on which they could not agree, on November 5, 2010, the parties submitted a 69-page single spaced joint letter to the Magistrate, requesting

resolution of their disputes concerning the requests for production of documents and requests for admission. Dkt. 46. In the joint letter, Plaintiff moved to compel production of documents and requested sanctions. Id. In addition, Plaintiff requested that he be permitted to take more than ten depositions. Id. On November 23, 2010, the Magistrate issued his Discovery Order. Dkt. 47. On December 7, 2010, Plaintiff sought an order permitting it to file a motion for relief from the Magistrate's Discovery Order, which this Court granted on December 28, 2010. Dkt. 50.

Plaintiff seeks relief with regard to four rulings denying his motion to compel production of documents. Plaintiff objects to the Magistrate's ruling which deny his: (1) motion to compel Request for Production of Documents No. 91, Dkt. 51 at 2; (2) motion to compel Requests for Production of Documents Nos. 128, 129 and 130, Dkt. 51 at 3; and (3) motion to compel regarding Requests for Production of Documents Nos. 133, 134, 138, 139, and 141, Dkt. 51 at 4. Moreover, Plaintiff objects to the Magistrate's decision to deny his request to take more than ten depositions, Dkt. 51 at 5.

## II.  LEGAL STANDARDS

Under Civil Local Rule 72-2, any party may appeal from a magistrate judge's order determining a non-dispositive pretrial matter. Upon consideration of the appeal, the district judge shall set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law. See Civ. L.R. 72-2; see also 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a); Grimes v. City and County of San Francisco, 951 F.2d 236, 241 (9th Cir. 1991) ("A non-dispositive order entered by a magistrate must be deferred to unless it is 'clearly erroneous or contrary to law.") With regard to discovery disputes and other non-dispositive matters, the district court must give the magistrate judge great deference. United States v. AbonceBarrera, 257 F.3d 959, 969 (9th Cir. 2001). A magistrate judge's ruling on discovery issues is clearly erroneous only when the district court is left with a "definite and firm conviction that a mistake has been committed." Burdick v. Comm'r Internal Rev. Serv., 979 F.2d 1369, 1370 (9th Cir. 1992). The district judge may not simply substitute his or her judgment for that of the magistrate judge. See Grimes, 951

1  F.2d at 241.  "A decision is 'contrary to law' if it applies an incorrect legal standard or fails
2  to consider an element of the applicable standard."  <u>Conant v. McCoffey</u>, C 97-0139 FMS,
3  1998 WL 164946, *2 (N.D. Cal. Mar. 16, 1998) (Smith, J).

## III.  DISCUSSION

### A.  REQUESTS FOR PRODUCTION OF DOCUMENTS

Except with regard to Request for Production No. 91, the Magistrate denied Plaintiff's motion to compel production of documents pertaining to all other requests at issue here.  Dkt. 47 at 2.  Request for Production No. 91 seeks documents pertaining to staffing levels in Plaintiff's workgroup.  In his Discovery Order, the Magistrate found Request No. 91 to be overbroad, narrowed its scope and ordered Defendant to produce a list showing the number of members in Plaintiff's workgroup for the twelve months preceding Plaintiff's termination.  As to all other requests at issue here, the Magistrate denied Plaintiff's motion to compel on the grounds that the requests were overbroad.  A review of Plaintiff's requests for production of documents reveals that, although the requests seek relevant information pertaining to Plaintiff's claim of a pretextual firing by Defendant, the Magistrate is correct that the requests are overbroad.

### 1.  Requests for Production

Plaintiff's requests for production of documents state as follows:

**REQUEST FOR PRODUCTION NO. 91:**
Each and every document, whether piece of electronically stored information, email, including attachments thereto, memorandum, text message, or piece of correspondence in calendar 2008 concerning the staffing level of the workgroup referred to as "Monterey" in Erick Aguilar's scheduling spreadsheets.

Dkt. 46 at 23.

**REQUEST FOR PRODUCTION NO. 128:**
Each and every document, whether piece of electronically stored information, email, including attachments thereto, memorandum, text message, or piece of correspondence emanating from someone, rather than being part of a manual, that inquired in 2008 about the earnings of, and/or overtime worked by, a Customer Engineer whom NCR was considering to be either put on PIP, scheduled for termination, or terminated.

Dkt. 46 at 24.

**REQUEST FOR PRODUCTION NO. 129:**
Each and every document, whether piece of electronically stored information, email, including attachments thereto, memorandum, text message, or piece of correspondence emanating from someone, rather than being part of a manual, that responded to the inquiry in 2008 about the earnings of, and/or overtime worked by, a Customer Engineer whom NCR was considering to be either put on PIP, scheduled for termination, or terminated.

Dkt. 46 at 27.

**REQUEST FOR PRODUCTION NO. 130:**
Each and every document, whether piece of electronically stored information, email, including attachments thereto, memorandum, text message, or piece of correspondence emanating from someone, rather than being part of a manual, referred to or discussed reducing labor expense of Customer Engineers as part of any cost cutting in 2007 or 2008, as reflected by Chris Cheadle's 1/21/08 email in which he noted "I know the organization is tired of cost-cutting; it is hard and unpopular," which was produced by plaintiff to defendant on March 29, 2010.

Dkt. 46 at 29.

**REQUEST FOR PRODUCTION NO. 133:**
Each and every document, whether piece of electronically stored information, email, including attachments thereto, memorandum, text message, or piece of correspondence emanating from someone, rather than being part of a manual, that prior to September 15, 2008 reflects NCR employees or consultants discussing, reflecting upon, or speculating as to, any amounts that might have to be paid to Customer Engineer 2s and a group as a result of the *Teeter v. NCR* class action, ED CV 08-00297-SGL.

Dkt. 46 at 35.

**REQUEST FOR PRODUCTION NO. 134:**
Each and every document, whether piece of electronically stored information, email, including attachments thereto, memorandum, text message, or piece of correspondence emanating from someone, rather than being part of a manual, that prior to September 15, 2008 reflects with whom at NCR was shared NCR employees' or consultants discussing, reflecting upon, or speculating as to, any amounts that might have to be paid to Customer Engineer 2s and a group as a result of the *Teeter v. NCR* class action, ED CV 08-00297-SGL.

Dkt. 46 at 36.

**REQUEST FOR PRODUCTION NO. 138:**
Each and every document, whether piece of electronically stored information, email, including attachments thereto, memorandum, text message, or piece of correspondence emanating from someone, rather than being part of a manual, that was circulated among NCR management that reflects NCR management awareness and/or discussion of the 10-29-05 Adolph C Niehoff posting re: "NCR culture" which contained the statement "I am tired of working sixty to ninety hour weeks, while management continues to talk of trimming more people. I do hope and pray that soon, it will become a requirement for Dayton desk jockeys to spend two weeks down here in the trenches with the rest of us," a copy of which was produced by plaintiff to defendant on or about February 10, 2010.

Dkt. 46 at 39.

**REQUEST FOR PRODUCTION NO. 139 []:**
Each and every document, whether piece of electronically stored information, email, including attachments thereto, memorandum, text message, or piece of correspondence emanating from someone, rather than being part of a manual, that was circulated among NCR management that reflects NCR management awareness of, and/or discussion of, the allegation that "some Customer Engineers were being told by local management to generate HHT (hand held terminal) calls in order to improve SLAs" that is contained in Chris Cheadle's 11/13/07 **email**, a copy of which was produced by plaintiff to defendant on March 29, 2010.

Dkt. 46 at 40-41.

**REQUEST FOR PRODUCTION NO. 141 []:**
Each and every document, whether piece of electronically stored information, email, including attachments thereto, memorandum, text message, or piece of correspondence emanating from someone, rather than being part of a manual, that was **sent to or from, or** circulated among NCR management that reflects NCR management awareness in 2008 of, and/or discussion of, the amount of overtime being worked by Customer Engineers in 2008.

Dkt. 46 at 43.

### 2. Overbroad

Federal Rule of Civil Procedure 26(b) requires that information sought through discovery be relevant to the claims and defense in the action and be "reasonably calculated to lead to admissible evidence." Rule 34 requires that each request for production of documents "must describe with reasonable particularity each item or category of items" to be produced. The Court agrees with the Magistrate and finds the requests are overbroad,

1    failing to comply with Rule 34's particularity requirement.  The requests' expansive sweep
2    includes documents that would not be directly relevant to Plaintiff's claims and would
3    place an undue burden upon Defendant to produce.
4        While Plaintiff's requests are limited in scope as to time, i.e., documents created in
5    2007 and 2008, they are not limited in scope as to sender or recipient or specific subject
6    matters.  As a result, Defendant would be required to search for almost all administrative
7    documents concerning customer engineers to and from all employees throughout
8    Defendant's company about the general topics detailed in the requests.  Plaintiff asserts that
9    the documents should be produced because they are relevant to his age discrimination
10   claim, especially the pretext element.  See Sandell v. Taylor Listug, Inc., 188 Cal.App.4th
11   297, 307-08 (2010) (discussing standards in age discrimination action, including pretext
12   element).  Even so, claims of pretext with regard to management decisions involve
13   evidence relating to the employer's management or supervisory staff, not all employees
14   throughout the company.  The scope of Plaintiff's requests pertaining to pretext are not
15   limited to documents to or by Defendant's management or supervisors of customer service
16   engineers and are not limited to specific subject matters.  As a result, regardless of whether
17   the requests seek relevant documents, they are overbroad.  Consequently, the Magistrate
18   was not clearly erroneous or acting contrary to the law when he denied Plaintiff's motion to
19   compel.

   **B.    DEPOSITIONS**

21       Plaintiff requests that he be permitted to take more than ten depositions, specifically
22   he wishes to take sixteen.  He notes that Rule 30(d)(1) specifies that no deposition can be
23   more than seven hours.  He asserts that, because he is permitted to take ten depositions of
24   ten hours each, he has a total of seventy hours of deposition time, and therefore he should
25   be permitted to take sixteen depositions if he limits them to a total of seventy hours.
26       Rule 30(a)(2)(A)(i) provides that no party may take more than ten depositions
27   without leave of court or stipulation of the parties.  A party seeking leave of court must
28   make a "particularized showing" why the discovery is necessary.  C&C Jewelry Mfg., Inc.

v. West, C 09-01303 JF(HRL), 2011 WL 767839, * 1 (N.D. Cal. 2011) (citing Archer Daniels Midland Co. v. Aon Risk Serv. of Minnesota, 187 F.R.D. 578, 586 (D. Minn. 1999)) (Lloyd, J.).  Rule 30(a)(2) provides that, when a party seeks leave to take more than ten depositions, the Court must grant leave to the extent consistent with Rule 26(b)(2). Under Rule 26(b)(2)(C)(i)-(iii), a court must limit discovery if it determines (1) the discovery sought is cumulative or duplicative, or can better be obtained from some another source; (2) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; and (3) the burden or expense of the proposed discovery outweighs its likely benefit.  Lehman Bros. Holdings, Inc. v. CMG Mortg., Inc., C 10-0402 SC (NJV), 2011 WL 203675, *2 (N.D. Cal. 2011 ) (citing Fed. R. Civ. P. 26(b)(2)(C)) (Vadas, J.).

When Plaintiff requested permission to take more than ten depositions, he made absolutely no showing under the factors enumerated in Rule 26(b)(2)(C)(i)-(iii).  When objecting to the Magistrate's decision before this Court, Plaintiff again fails to make such a particularized showing.  In light of Plaintiff's failure to address the applicable legal standards, the Court finds that the Magistrate was not clearly erroneous or acting contrary to the law when he denied Plaintiff's request to take more than ten depositions.

## IV.  CONCLUSION

For the reasons set forth above,

IT IS HEREBY ORDERED THAT:

1.  The Plaintiff's Motion Objecting to Discovery Order is DENIED.

2.  The Magistrate's Discovery Order, Dkt. 47, is ACCEPTED as the Order of this Court.

3.  This Order terminates Docket Nos. 48, 51.

IT IS SO ORDERED.

Dated:  August 22, 2011

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

- 8 -