UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| TERRY DOUBT, an individual,<br><br>    Plaintiff,<br><br>    vs.<br><br>NCR CORPORATION, a Maryland Corporation and DOES 1 through 100, inclusive,<br><br>    Defendants. | Case No: C 09-5917 SBA<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER**<br><br>Dkt. 94 |

Plaintiff Terry Doubt brings the instant action against his former employer, NCR Corporation ("NCR"), alleging that he was wrongfully terminated. The parties are presently before the Court on Plaintiff's Motion for Relief from Non-Dispositive Pretrial Order of Magistrate Judge. Dkt. 84. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby DENIES the motion for the reasons set forth below. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

**I.    BACKGROUND**

On February 18, 2011, Plaintiff served NCR with a thirty-eight page "person most knowledgeable" deposition notice, pursuant to Federal Rule of Civil Procedure 30(b)(6). Joint Letter at 2, Dkt. 82. The notice listed fifty-six categories (denoted as categories A-BB) upon which Plaintiff intended to depose NCR. Id. Ex. 2, Dkt. 82-2. Plaintiff noticed the deposition for March 1, 2011, but later rescheduled the deposition for April 15, 2011. Joint Letter at 2. NCR met and conferred with Plaintiff to narrow the scope of the deposition. Id. NCR did not appear for its deposition on April 15, apparently believing that it had been continued during their meet and confer process. Id. However, NCR's

counsel misunderstood Plaintiff's counsel's email, which conditioned continuing the deposition on NCR's filing of a motion for protective order.  Id.  In response to NCR's non-appearance for its deposition, Plaintiff filed a motion for sanctions with this Court, which was referred to Magistrate Judge Spero ("the Magistrate").  Dkt. 66, 95.  In turn, NCR filed a motion for protective order to narrow the scope of its Rule 30(b)(6) deposition.  Dkt. 82.  The motion was briefed through the submission of a joint letter, filed September 12, 2011.  Id.

On October 14, 2011, the Magistrate held a hearing in connection with NCR's motion for protective order.  Plaintiff argued that the motion was untimely because NCR did not bring its motion prior to the date of the deposition.  The Magistrate rejected this argument, stating:

> You know, I won't buy the argument, because this is the single most abusive 30(b)(6) notice I have ever seen in 19 years of practice, and 13 years on the bench.  I wouldn't—I would, sua sponte, strike the sections I struck.
>
> Regardless of any deadlines, this is entirely inappropriate.  So, you can try to argue with me about the substance and I'm happy to hear your argument on that.
>
> But, I will not hear your timeliness argument.  I think that it is abusive, and so prejudicial, and requires so much work that is inappropriate and I won't allow it.
>
> ****
>
> Obviously, they disagree on the timeliness issue.  But leaving that aside, I'd rather you address the substance.

Pl.'s Request for Judicial Notice ("RJN") Ex. B at 4:21-51 Dkt. 94-1.  Ultimately, the Magistrate limited the deposition to the categories listed in section E, items 1-3, in the joint letter, and categories AT, AU and AV, and categories AN, AO and AP (limited to the 750b territory).   Dkt. 88.

Pursuant to Civil Local Rule 72-2, Plaintiff has now filed a motion seeking relief from the Magistrate's ruling to the extent it limits the scope of NCR's Rule 30(b)(6) deposition.  Plaintiff first contends that the Magistrate erred in refusing to consider his argument that NCR's motion for protective order was untimely.  Alternatively, Plaintiff

argues that Magistrate should have limited the scope of the Rule 30(b)(6) deposition. The Court discusses these contentions in turn.

## II. LEGAL STANDARD

Local Rule 72-2 provides that a district judge shall set aside any portion of a magistrate judge's order found to be clearly erroneous or contrary to law. See Civ. L.R. 72-2; see also 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Grimes v. City and County of San Francisco, 951 F.2d 236, 241 (9th Cir. 1991) ("A non-dispositive order entered by a magistrate must be deferred to unless it is 'clearly erroneous or contrary to law.'"). With regard to discovery disputes and other non-dispositive matters, a magistrate judge's decision is entitled to great deference. United States v. AbonceBarrera, 257 F.3d 959, 969 (9th Cir. 2001). A magistrate judge's ruling on discovery issues is clearly erroneous only when the district court is left with a "definite and firm conviction that a mistake has been committed." Burdick v. Comm'r Internal Rev. Serv., 979 F.2d 1369, 1370 (9th Cir. 1992). The district judge may not simply substitute his or her judgment for that of the magistrate judge. See Grimes, 951 F.2d at 241.

## III. DISCUSSION

### A. TIMELINESS

Federal Rule of Civil Procedure 26(c)(1) provides that "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending--or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken." The Court may grant a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Id. As a general rule, a party seeking shelter under Rule 26(c)(1) should obtain a protective order before the date of the deposition. See Schwarzer, Tashima & Wagstaffe, Fed. Civ. P. Before Trial, ¶ 11:1166 at 11-144 (TRG 2010). However, Rule 26(c) does not expressly limit the district court's consideration of a motion for protective order only to those cases where the motion is filed before the date of the deposition. Rather, the movant only need establish "good cause" for its request. See Fed. R. Civ. P. 26(c)(1). In this case, the

1 Magistrate, in effect, found that the deposition notice was plainly abusive, and therefore,
2 chose to limit the scope of the deposition.  Moreover, the record shows that NCR did not
3 seek a protective order before the date of the deposition due to the mistaken belief that the
4 deposition had been continued.  Given these particular circumstances, the Court finds no
5 error in the Magistrate's decision to consider NCR's motion for protective order on the
6 merits, even if it was submitted after the date noticed for the deposition.

      **B.**     **MERITS**

Plaintiff challenges the Magistrate's decision to preclude him from questioning NCR on the meaning of various statements contained in emails between different NCR employees, as set forth in categories D, M, N, O, P, Q, R, S, T, U, V, W, X, Y, AA, BB, AC, AF, AF, AH, AK, AL, AM, AW, AZ and BA.  Dkt. 82 at 3.  NCR took the position that it would be inappropriate to have any person other than the drafter of the email to offer testimony regarding the intent behind the words used in those emails.  Id.  The Magistrate agreed and concluded that Plaintiff's request was "radically overbroad and burdensome" and "completely inappropriate."  RJN Ex. B at 2:17-25.  Plaintiff contends, as he did before the Magistrate, that aggregating his requests in a Rule 30(b)(6) deposition is an efficient and acceptable method of working within the ten-deposition-per-side limit imposed by Rule 30(a)(2)(A)(i).  Nonetheless, the Court finds nothing "clearly erroneous" with the Magistrate's conclusion that Plaintiff's request was inefficient and inappropriate.  See Grimes, 951 F.2d at 241.

Equally without merit are Plaintiff's ancillary assertions that NCR failed to specifically quantify the actual "burden or oppression" likely to be caused by compliance with Plaintiff's extensive deposition notice, and that it would have taken "little" effort by NCR to prepare its representatives on the matters rejected by the Magistrate.  Mot. at 4-5.  This argument misses the point.  In support of its request for protective order, NCR specifically pointed out that a number of the fifty-six subject matter areas identified by Plaintiff pertained to matters not likely to lead to the discovery of admissible information.  Joint Letter, Dkt. 82 at 2-5.  The Magistrate considered the parties' arguments in their joint

letter and held a hearing in connection with NCR's motion, and ultimately was persuaded by NCR's arguments that Plaintiff was seeking to conduct a deposition beyond the reasonable bounds of a Rule 30(b)(6) deposition.  Having reviewed the record, the Court finds nothing clearly erroneous or contrary to law in the Magistrate's decision to limit the scope of NCR's deposition.  See Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988) (noting that district courts have "wide discretion in controlling discovery.").

## IV. CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT Plaintiff's Motion for Relief from Nondispositive Order of Magistrate Judge is DENIED. This Order terminates Docket 94.

IT IS SO ORDERED.

Dated:  November 22, 2011

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge