UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY DOUBT,<br><br>　　　　　Plaintiff(s),<br><br>　v.<br><br>NCR CORPORATION,<br><br>　　　　　Defendant(s).<br>_____/ | Case No. C09-05917 SBA (JCS)<br><br>**REPORT AND RECOMMENDATION RE PLAINTIFF'S MOTION FOR AN ORDER REMANDING THE ACTION TO STATE COURT, OR IN THE ALTERNATIVE, STRIKING THE ANSWER OF DEFENDANT NCR CORPORATION AND ENTERING ITS DEFAULT [Docket No. 66]** |

Plaintiff filed a Motion for an Order Remanding the Action to State Court, or in the Alternative, Striking the Answer of Defendant NCR Corporation and Entering its Default (the "Motion"). Having reviewed the papers filed by the parties, the court finds the matter suitable for disposition without oral argument. For the reasons stated below, it is recommended that the Motion be DENIED.[1]

## I. FINDINGS OF FACT

This is a simple, single plaintiff employment case. Plaintiff alleges, inter alia, that he was fired by Defendant based on age and in retaliation for complaint about working conditions and violations of law. See generally, First Amended Complaint (Docket No. 40). Nonetheless, Plaintiff's discovery has been excessive. He served document requests containing over 150 separate categories. Declaration of John Elson in Support of this Motion (Docket No. 66) (the "Elson Declaration") at ¶2. Many of these request were astonishingly overbroad. For example, Request No. 1 sought the names, ages, hire dates, termination dates, and reasons for termination, of every engineer in NCR. Request No. 19 sought every piece of paper or electronic information in the

---

[1] While the Motion was pending, Plaintiff also filed a Motion for Relief from a non-dispositive pretrial order (the "Motion for Relief") concerning, inter alia, the Rule 30(b)(6) deposition that is also the subject of this Motion. The Motion for Relief was denied by District Judge Armstrong on November 28, 2011. Docket No. 101. As discussed in the text, infra, that decision moots one of the bases for sanctions set forth by Plaintiff. The remaining arguments in the Motion are addressed in this Order.

1  company for five years that was directed to any management personnel concerning preparation of
2  performance evaluations in general for Customer Engineers.  Request No. 33 sought every piece of
3  information, paper and electronic, at NCR which elaborated on its "pay for performance"
4  philosophy.

5        Approximately 60 days after this case was removed to federal court, on February 16, 2010,
6  Defendant moved to compel arbitration.  After briefing was concluded on that motion, Plaintiff
7  sought to file additional authority. This resulted in a delay in the decision on the motion, as the court
8  allowed the additional authority to be filed along with further briefing.  The motion to compel
9  arbitration was denied on September 13, 2010. Docket No. 37.

10        The parties then met and conferred, and, as directed by this court, submitted a joint letter on
11  November 5, 2010 regarding the discovery issues that they were unable to resolve.  Docket No. 46
12  (the "First Discovery Dispute").  The court employs the joint letter mechanism to streamline the
13  resolution of discovery disputes, and to encourage the parties to resolve their disputes during the
14  preparation of the joint letter.  Apparently, the court's strategy did not work in this case: The parties
15  filed a joint letter brief, single spaced, that was approximately 70 pages in length – far in excess of
16  what would have been allowed had there been full briefing on a noticed motion.  In ruling on the
17  issues raised by the joint letter, the court noted where most of the fault lay for the discovery
18  disputes:

> While both sides bear some portion of the blame for this problem, by far the largest share falls on counsel for the Plaintiff.  In this relatively simple, single plaintiff employment matter, Plaintiff's counsel has chosen to propound more than one hundred document requests.  Most of the requests at issue are at least overbroad.  Even after Defendant agreed to produce many categories of documents, Plaintiff's efforts to reduce the scope of these facially objectionable requests were ineffectual in eliminating their overbreadth.

23  Docket No. 47 (the "First Discovery Order").  The court ordered a narrowed scope of discovery.  Id.
24  It is this order that contains the language on which a portion of the instant motion is based: "The
25  [documents ordered produced] shall be produced by December 6, 2010, along with all documents
26  not in dispute that Defendants have agreed, in the Joint Letter, to produce."  Id.  Plaintiff's motion
27  for relief from this order was denied, and the District Judge concurred that the discovery requests in
28  dispute were overbroad. Docket No. 78 at 4.

2

1    While the First Discovery Dispute was pending, and in violation of the order of this court
2 setting forth how to bring discovery disputes to the court's attention, Plaintiff filed the instant
3 motion. The motion is based, in part, on Plaintiff's contention that Defendant failed to appear and
4 provide a witness or witnesses for a Rule 30(b)(6) deposition. To that extent, at least, plaintiff was
5 required by this court's orders to meet and confer with the defense counsel in person and present a
6 joint letter to the court. He did not. Rather, he notice the instant motion before the District Judge –
7 thereby avoiding the joint letter process. The court nonetheless ordered the parties to file a joint
8 letter regarding the 30(b)(6) deposition. Docket No. 81. They did so. Docket No. 82 (the "Second
9 Discovery Dispute"). The central reason for this dispute was again the conduct of plaintiff: as the
10 court noted at the hearing, the 30(b)(6) request was "radically overbroad and burdensome" and
11 "completely inappropriate." See Docket No. 101 at 4. Indeed, the court concluded that the
12 discovery requested was "the single most abusive 30(b)(6) notice [the court had] ever seen in 19
13 years of practice and 13 years on the bench." Id. at 2. The court ordered a much more limited
14 30(b)(6) deposition (the "Second Discovery Order") and this conclusion was confirmed by the
15 District Judge. Id.

16   Finally, on June 23, 2011, as ordered by the court, the parties filed a joint letter brief
17 regarding certain interrogatories to which plaintiff sought answers. Docket 62. At the hearing, the
18 court granted the relief sought in part, but limited the scope of certain interrogatories which were,
19 again overbroad. Docket No. 76.

20   **II.   THE INSTANT MOTION**

21    Plaintiff requests sanctions based on three arguments. First, he contends that the Defendant
22 failed to comply with the First Discovery Order by failing to produce documents, and by interposing
23 objections other than privilege. In particular, he argues that the language quoted above required that
24 the "agreed" upon portion of the production be made, and that any amended responses not contain
25 any objections other than privilege. Although Plaintiff claims wholesale refusal to produce the
26 agreed upon documents, he cites only one example in his opening brief: Defendant's response to
27 Request No. 1, which purported to limit the production to charts reflecting information for
28 terminated engineers "who were supervised by Erick Aguilar; any other documents would be overly

3

broad. . . ." Plaintiff also claims that, for many categories of document agreed to, no documents have been produced. Elson Decl. at 3-12. He cites to the fact that few documents were produced, and, in Reply, argues that other documents must be in Defendant's possession. This conduct, Plaintiff argues, justifies terminating sanctions. Notice of Motion at 2.

Second, Plaintiff argues that Defendant failed to appear for a duly notice Rule 30(b)(6) motion, and that this also justifies terminating sanction. Id. Alternatively, Plaintiff seeks remand to the Alameda County Superior Court. Id.

Finally, Plaintiff argues that the Defendant's conduct in resisting and delaying discovery justifies a remand of this matter under the court's inherent authority to manage its docket. Id at 3. Plaintiff also argues that Defendant interposed objections to his March 2011 discovery which required a meet and confer letter and a discovery hearing before the undersigned, and failed to deliver certain other promised discovery. Motion at 13.

### III.    THE APPLICABLE LAW REGARDING SANCTIONS

Rule 37 of the Federal Rules of Civil Procedure provides that, where a party fails to obey a discovery order, the court may dismiss the action or enter a number of other listed sanctions, including "prohibiting the disobedient party from . . . introducing designated matters in evidence." Fed. R. Civ. P. 37(b)(2)(A)(ii). "Evidentiary preclusion is a harsh sanction that generally is not imposed where the failure to provide discovery was either substantially justified or harmless." *Rooney v. Sierra Pacific Windows*, 2011 WL 2149097 (N.D. Cal., June 1, 2011). Similarly, the sanction of default is the most severe of sanctions, and can only be justified where the conduct was "wilful, fault or bad faith", see *Henry v. Gill Industries, Inc*., 983 F.2d 943, 946 (9th Cir. 1993), and no lesser sanction will suffice.

"Because the sanction of dismissal is such a harsh penalty, the district court must weigh five factors before imposing dismissal: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Porter v. Martinez*, 941 F.2d 732, 733 (9th Cir. 1991) (citations omitted).

4

In addition, the Court has the inherent power to manage the cases on its docket. That power includes the power to impose the sanction of dismissal or default for misconduct, including discovery misconduct. *Anheuser-Bush v. Natural Beverage Distributors*, 69 F.3d 337, 348 (9th Cir. 1995). To justify this extreme sanction, the conduct must be wilful. *Id*. Before dismissing a case, the Court must consider: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Id*.

### IV. ANALYSIS

The court has carefully considered the conduct here under the standards established under Rule 37, *Anheuser-Bush* and *Porter*, and concludes that, at least based on the present record, terminating sanctions are not justified, but that further inquiry by the court is required.

Plaintiff's claim that sanctions are warranted for failure to appear at the 30(b)(6) deposition is moot. This court has determined that Defendant need not appear at the 30(b)(6) deposition until January, and then need only provide a witness on a small fraction of the categories for which the deposition was originally noticed. Since Defendant is, as of this date, in compliance with the orders of this court on this deposition, no sanctions are warranted.

Plaintiff's showing regarding the production of document warrants inquiry by the court, but does not warrant the extreme step of sanctions. In particular, Defendant's counsel declares in his opposition that he was advised by the client that they conducted a reasonable and diligent search and that all non-privileged responsive documents were produced. Mullin Decl. ¶3. In light of the few documents produced, within ten days, Defendant is directed to file with this court a declaration, under penalty of perjury by a person with knowledge, detailing all steps taken to search for paper and electronic documents required to be produced under the First Discovery Order, including those categories of documents that Defendant agreed to produce in the Joint Letter that led to the First Discovery Order. For the moment, this is a sufficient remedy. Plaintiff has not yet made any showing of prejudice to justify terminating sanctions. The record is not sufficient to show that any documents were in fact withheld, let alone that they would have been important in the case. The

court will evaluate the Declaration and determine what further proceedings may be necessary.

Finally, Plaintiff's request that the court exercise its inherent power to remand the case should be denied. Plaintiff has cited no authority for the proposition that the court may decline to exercise jurisdiction over a properly removed case as a sanction. In any event, as can be seen from the findings of fact above, much of the blame for the progress of discovery in this case lies with the plaintiff, who overreached in every set of discovery that the court has reviewed.

**V.  CONCLUSION**

For all of the foregoing reasons, it is recommended that the Motion be DENIED.

IT IS SO ORDERED.

Dated: December 5, 2011

_____
JOSEPH C. SPERO
United States Magistrate Judge