# JOHN ELSON
ATTORNEY AT LAW
1840 41st Ave.
#102-176
Capitola, CA 95010-2527
831-475-8535 voice
831-475-8532 fax
j_h_elson@yahoo.com

January 5, 2012

Magistrate Judge Joseph C. Spero
United States District Court
450 Golden Gate Avenue
Courtroom A, Fifth Floor
San Francisco, CA 94102-3611

> Re: *Doubt v. NCR*
> *Case* # C09-05917 SBA

Dear Judge Spero:

This is the parties' request for clarification concerning the location of NCR's Person Most Knowledgeable deposition which will be taken in the Atlanta area on January 13, 2012.

Plaintiff has noticed NCR's deposition for Best Western Atlanta Airport East, 301 North Central Avenue, Hapeville GA, a few miles from the Atlanta Airport.

Defendant contends that the deposition must be taken either in Duluth, GA, where NCR's corporate office is located, or at Jackson Lewis' Atlanta office.

## Plaintiff's contentions

As noted by *Federal Civil Trials & Evidence*: "**Normally, defendant must be deposed in the district in which the defendant resides or is employed or has a place of business**" (TRG, 2011) ¶11-1460, p. 11-191. There is no requirement that defendant NCR be deposed only in the city in which its office is located.

The Best Western location is within a few miles of downtown Atlanta, and only a few farther from Duluth. The distance from Duluth to Hapeville, according to RandMcNally.com, is 33.5 miles, a mere 1/3 of the 100 miles a non-party can be required to attend pursuant to subpoena under Rule 45(c)(3)(A)(ii).

Plaintiff's counsel selected this Best Western location as it allows him to fly into Atlanta and avoid traveling in Atlanta, which he wants to avoid, and he does not plan on renting a car but staying the at Best Western throughout his visit.

The deposition was noticed for the Best Western just outside the Atlanta Airport, and there was no complaint in the motion for a protective order as to location. Accordingly, it is far too late to be complaining the deposition may not be taken in the district where NCR is located, but only in Duluth or Atlanta.

### Defendant's contentions

The deposition at issue here is not a deposition pursuant to a subpoena under Rule 45(c)(3)(A)(ii). This is a deposition of NCR's persons most knowledgeable, under Rule 30(b)(6). As Plaintiff notes, and has noted in the past, it is must be taken at its principal place of business. Courts recognize a "general presumption" that "deposition of a corporation by its agents and officers should ordinarily be taken at its principal place of business." *Aerocrine AB v. Apieron Inc.* (D DE 2010) 267 F.R.D. 105, 108; *In re Outsidewall Tire Litig.* (ED VA 2010) 267 F.R.D. 466, 471; *Dwelly v. Yamaha Motor Corp.* (D MN 2003) 214 F.R.D. 537, 541.

Defendant's principal place of business is in Duluth, Georgia. Plaintiff's selected site for the depositions of Defendant's persons most knowledgeable is 33 miles – at least 45 minutes, driving, from Defendant's principal place of business. Plaintiff has not cited any authority for the proposition that a deposition at a coproration's "principal place of business" does not have to be in the same city as the corporation's "principal place of business." This reasoning is simply illogical. In fact, Plaintiff's true reason for insisting the deposition be conducted at the Best Western appears to be his own convenience.

According to Defendant's representatives who are familiar with the area, Plaintiff's selected site is in an unsafe neighborhood. There is no reason Defendant's corporate representatives should have to jeopardize their safety while traveling to a deposition site more than 40 minutes away from Defendant's principal place of business, to accommodate Plaintiff's counsel's desire to not rent a car. Plaintiff should be compelled to depose Defendant's persons most knowledgeable at Defendant's principal place of business in Duluth, Georgia.

Dated: January 5, 2012        JOHN ELSON for plaintiff Terry Doubt

Dated: January 5, 2012        CORTNEY L. MCDEVITT for defendant NCR

JE: hs

4839-4079-8734, v. 1

Date: Jan. 9, 2012

DENIED AS MOOT
Judge Joseph C. Spero