1

2

3

4      UNITED STATES DISTRICT COURT

5      FOR THE NORTHERN DISTRICT OF CALIFORNIA

6      OAKLAND DIVISION

7

8   TERRY DOUBT, an individual,                     Case No:  C 09-05917 SBA

9          Plaintiff,                               **ORDER**

10         vs.                                      Docket 66, 102, 103.

11  NCR CORPORATION, a Maryland
    Corporation, and DOES 1 through 100,
12  inclusive,

13         Defendants.

14

15        Plaintiff Terry Doubt ("Plaintiff") brings the instant action against his former

16  employer, NCR Corporation ("NCR"), alleging that he was wrongfully terminated.  On

17  July 8, 2011, Plaintiff filed a Motion for an Order Remanding the Action to State Court, or

18  in the Alternative, Striking the Answer of Defendant NCR Corporation and Entering its

19  Default ("motion for sanctions"), Dkt. 66, which was referred to Magistrate Judge Spero

20  ("the Magistrate") for a Report and Recommendation ("Report").  Dkt. 95.  The Magistrate

21  issued a Report on December 5, 2011, recommending that this Court deny the motion for

22  sanctions.

23        The parties are presently before the Court on Plaintiff's Motion for De Novo

24  Determination of Dispositive Matter Referred to Magistrate Judge, which seeks a de novo

25  determination of Plaintiff's motion for sanctions.  Dkt. 103.  Having read and considered

26  the papers filed in connection with this matter and being fully informed, the Court hereby

27  GRANTS Plaintiff's motion and DENIES the relief requested therein based on a de novo

28

1 | review, for the reasons stated below.  The Court, in its discretion, finds this matter suitable

2 | for resolution without oral argument.  See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

3 | **I.      BACKGROUND**

4 | On September 15, 2009, Plaintiff commenced the instant wrongful termination

5 | action against his former employer NCR.  Compl., Dkt. 1.  The action was removed to this

6 | Court on the basis of diversity jurisdiction on December 17, 2009.  Notice of Removal,

7 | Dkt. 1.

8 | On February 18, 2011, Plaintiff served NCR with a thirty-eight page "person most

9 | knowledgeable" deposition notice, pursuant to Rule 30(b)(6) of the Federal Rules of Civil

10 | Procedure.  Joint Letter at 2, Dkt. 82.  The notice listed fifty-six categories (denoted as

11 | categories A-BB) upon which Plaintiff intended to depose NCR.  Id. Exh. 2, Dkt. 82-2.

12 | Plaintiff noticed the deposition for March 1, 2011, but later rescheduled the deposition for

13 | April 15, 2011.  Joint Letter at 2.  NCR met and conferred with Plaintiff to narrow the

14 | scope of the deposition.  Id.  NCR did not appear for its deposition on April 15, apparently

15 | believing that it had been continued during their meet and confer process.  Id.  However,

16 | NCR's counsel misunderstood Plaintiff's counsel's email, which conditioned continuing

17 | the deposition on NCR's filing of a motion for protective order.  Id.

18 | In response to NCR's non-appearance for its deposition, Plaintiff filed a motion for

19 | sanctions with this Court on July 8, 2011, Dkt. 66, which was referred to the Magistrate.

20 | Dkt. 95.  In turn, NCR filed a motion for protective order to narrow the scope of its Rule

21 | 30(b)(6) deposition.  Dkt. 82.

22 | On October 17, 2011, the Magistrate issued a ruling limiting the Rule 30(b)(6)

23 | deposition to the categories listed in section E, items 1-3, in the joint letter, and categories

24 | AT, AU and AV, and categories AN, AO and AP (limited to the 750b territory).  Dkt. 88.

25 | The Magistrate also ruled that the deposition shall occur no later than January 15, 2012.  Id.

26 | On October 28, 2011, Plaintiff filed a motion seeking relief from the Magistrate's ruling to

27 | the extent it limited the scope of NCR's Rule 30(b)(6) deposition.  The Court denied

28 | Plaintiff's motion for relief on November 28, 2011.  Dkt. 101.

On December 5, 2011, the Magistrate issued a Report denying Plaintiff's motion for sanctions. Report, Dkt. 102. In his Report, the Magistrate recommended against imposing the sanctions requested for discovery misconduct – remand or striking NCR's answer and entering default judgment. Id. at 5-6. Specifically, the Magistrate found that Plaintiff's contention that sanctions are warranted based on NCR's failure to appear at its 30(b)(6) deposition was moot because the Magistrate had already determined that NCR need not appear at its 30(b)(6) deposition until January 2012. Id. at 5. In addition, the Magistrate found that while "[p]laintiff's showing regarding the production of document[s] warrants inquiry by the court, [it] does not warrant the extreme step of sanctions" because "Plaintiff has not yet made any showing of prejudice to justify terminating sanctions"; noting that the record is not sufficient to show that any documents were actually withheld. Id. Finally, the Magistrate found that Plaintiff failed to cite any authority demonstrating that remand is appropriate, i.e., authority supporting the proposition that a court may decline to exercise jurisdiction over a properly removed case as a sanction. Id. at 6. On December 19, 2011, Plaintiff filed the instant motion, seeking de novo review of his motion for sanctions. Dkt. 103.

## II.   LEGAL STANDARD

Civil Local Rule 72-3(a) applies to orders issued by Magistrate Judges which are dispositive of a claim. Discovery sanctions in general are non-dispositive unless imposition of the sanction would be dispositive of a party's claim or defense. Oracle USA, Inc. v. SAP AG, 264 F.R.D. 541, 546 (N.D. Cal. 2009); see North Am. Watch Corp. v. Princess Ermine Jewels, 786 F.2d 1447, 1450 (9th Cir. 1986) (dismissal of counterclaim as a discovery sanction reviewed de novo).

Civil Local Rule 72-3(a) provides that any objection to a Magistrate Judge's Order must be made as a motion for de novo determination specifically identifying the portions of the Magistrate Judge's findings, recommendations or report to which objection is made and the reasons and authority therefor. Civ. L.R. 72-3(a). Any objections to a report and recommendation must be filed within fourteen days of receipt thereof. Fed.R.Civ.P. 72(b);

1   28 U.S.C. § 636(b)(1); Cal. Civ. L.R. 72-2, 72-3.  In turn, the district court must "make a de

2   novo determination of those portions of the report to which objection is made," and "may

3   accept, reject, or modify, in whole or in part, the findings or recommendations made by the

4   magistrate judge."  28 U.S.C. § 636(b)(1); see also Civ. L.R. 72-3(a) (requiring that any

5   objections be accompanied by a motion for de novo determination).

6   **III.   DISCUSSION**

7          Plaintiff moves for a de novo determination of his motion for sanctions, which seeks

8   an order striking the answer and entering default judgment against NCR under Rule 37 of

9   the Federal Rules of Civil Procedure and the Court's inherent authority as a terminating

10  sanction for discovery misconduct.  Alternatively, Plaintiff seeks an order remanding this

11  action as a sanction for discovery misconduct.

12         **A.     Terminating Sanctions**

13                **1.     Rule 37**

14         Rule 37 allows a district court to impose sanctions on a party who fails to obey a

15  discovery order, which include, among other things: "(iii) striking pleadings in whole or in

16  part [or] . . . (vi) rendering a default judgment against the disobedient party."  Fed.R.Civ.P.

17  37(b)(2).  The drastic terminating sanction of entry of default judgment against a defendant

18  is "appropriate only in 'extreme circumstances' and where the violation is 'due to

19  willfulness, bad faith, or fault of the party.' "  Fair Housing of Marin v. Combs, 285 F.3d

20  899, 905 (9th Cir. 2002).  This standard is met by "[d]isobedient conduct not shown to be

21  outside the litigant's control."  Id.

22         The Ninth Circuit has developed a five part test to evaluate whether a terminating

23  sanction under Rule 37 is just:

24         (1) the public's interest in expeditious resolution of litigation; (2) the court's
           need to manage its dockets; (3) the risk of prejudice to the [party seeking
25         sanctions]; (4) the public policy favoring disposition of cases on their merits;
           and (5) the availability of less drastic sanctions.
26

27  Valley Engineers, Inc. v. Electric Engineering Co., 158 F.3d 1051, 1057 (9th Cir. 1998).

28  The third and fifth factors, prejudice and availability of less drastic sanctions, are the

- 4 -

1  decisive factors.  Id.  The fifth factor, the availability of less drastic sanctions, "involves

2  consideration of three subparts: whether the court explicitly discussed alternative sanctions,

3  whether it tried them, and whether it warned the recalcitrant party about the possibility of

4  dismissal."  Id.  "What is most critical for case-dispositive sanctions, regarding risk of

5  prejudice and of less drastic sanctions, is whether the discovery violations 'threaten to

6  interfere with the rightful decision of the case.' "  Id.

7                    **2.       Inherent Authority of the Court**

8          Sanctions pursuant to a court's inherent authority are appropriate upon a finding of

9  "recklessness when combined with an additional factor such as frivolousness, harassment,

10  or an improper purpose."  Fink v. Gomez, 239 F.3d 989, 994 (9th Cir. 2001).  The

11  appropriateness of a terminating sanction, such as entry of default judgment against a

12  defendant, is subject to much the same considerations as those under Rule 37.  See Halaco

13  Engineering Co. v. Costle, 843 F.2d 376, 380 (9th Cir. 1988).  Before ordering a

14  terminating sanction, a district court must determine: (1) the existence of certain

15  extraordinary circumstances; (2) the presence of willfulness, bad faith, or fault by the

16  offending party; (3) the efficacy of lesser sanctions; (4) the relationship or nexus between

17  the misconduct drawing the dismissal sanction and the matters in controversy in the case,

18  and finally, as optional considerations where appropriate; (5) the prejudice to the party

19  victim of the misconduct, and (6) the government interests at stake.  Id.  Entry of default

20  under a court's inherent powers is justified only in extreme circumstances.  Id.  A

21  terminating sanction must be "due to willfulness, fault, or bad faith."  Id.

22        **B.       Motion for De Novo Determination of Dispositive Matter Referred to**
          **Magistrate Judge**
23

24        As an initial matter, the Court notes that Plaintiff "respectfully takes issue with many

25  of the Magistrate's characterizations" of his conduct related to discovery.  However,

26  because the conduct of NCR is the focus of the inquiry with respect to the propriety of

27  sanctions, the Court finds that the Magistrate's characterizations of Plaintiff's conduct are

28  largely irrelevant.  See Adriana International Corp. v. Thoeren, 913 F.2d 1406, 1411 (9th

1 Cir. 1990) (to evaluate the appropriateness of sanctions, a court looks at the incidents of the

2 allegedly offending party's misconduct).  While Plaintiff's conduct is relevant for context,

3 it is not germane to whether sanctions should be imposed against NCR.  As such, the Court

4 does not reach the disagreements Plaintiff has with the Magistrate's characterization of his

5 conduct.  Instead, the Court will address the objections to the Report concerning the

6 propriety of imposing sanctions against NCR.

7 **1.      NCR's Failure to Comply with Discovery Order**

8 Plaintiff argues that the terminating sanction of striking the answer and entering

9 default judgment against NCR is warranted under Rule 37 because NCR failed to comply

10 with a discovery order by refusing to produce documents and by interposing objections

11 other than privilege.  In this regard, Plaintiff objects to the Magistrate's determination that:

12 "Plaintiff's showing regarding the production of document[s] warrants inquiry by the court,

13 but does not warrant the extreme step of sanctions."  According to Plaintiff, the Magistrate

14 erroneously found that: "Plaintiff has not yet made any showing of prejudice to justify

15 terminating sanctions.  The record is not sufficient to show that any documents were in fact

16 withheld, let alone that they would have been important in the case."

17 The Court finds that Plaintiff's argument lacks merit.  Plaintiff has failed to set forth

18 the standard for determining whether a terminating sanction is warranted under Rule 37, let

19 alone provide cogent legal analysis demonstrating that the drastic sanction of striking the

20 answer and entering default against NCR is warranted.  Plaintiff, for instance, has not

21 shown that NCR willfully or in bad faith violated a discovery order.  Further, Plaintiff has

22 not demonstrated that the harsh penalty of a terminating sanction is warranted under the

23 five-part test governing whether a terminating sanction is just.  Among other things,

24 Plaintiff has not shown that he suffered any prejudice as a result of NCR's conduct, or that

25 less drastic sanctions are not available.  Nor has Plaintiff shown that NCR's conduct

26 threatens to interfere with the rightful decision of this case.

27 ///

28 ///

**2.      NCR's Failure to Appear for its Rule 30(b)(6) Deposition**

Plaintiff argues that the terminating sanction of striking the answer and entering default judgment against NCR is warranted under Rule 37 because NCR deliberately failed to appear for its Rule 30(b)(6) deposition on April 15, 2011.  In this regard, Plaintiff objects to the Magistrate's determination that: "Plaintiff's claim that sanctions are warranted for failure to appear at the 30(b)(6) deposition is moot [because the Magistrate] has determined that [NCR] need not appear at the 30(b)(6) deposition until January, and then need only provide a witness on a small fraction of the categories for which the deposition was originally noticed.  Since [NCR] is, as of this date, in compliance with the orders of this court on this deposition, no sanctions are warranted."

The Court finds that Plaintiff's argument lacks merit.  Even assuming as Plaintiff argues that NCR deliberately failed to appear for its Rule 30(b)(6) deposition on April 15, 2011, the Magistrate subsequently granted NCR's motion for a protective order.  In granting this motion, the Magistrate limited the scope of the 30(b)(6) deposition and ordered that it need not take place until January 15, 2012.  Plaintiff has not shown that the Magistrate erred by granting the protective order.  Moreover, even assuming that NCR deliberately failed to appear for its deposition and the Magistrate erred by granting the motion for protective order, Plaintiff did not demonstrate that the harsh penalty of a terminating sanction is warranted.  Plaintiff has not provided any legal analysis with respect to the five-part test governing whether a terminating sanction is appropriate under Rule 37.  Again, Plaintiff has not shown that it has suffered prejudice as a result of NCR's conduct, or that less drastic sanctions are not available.  Nor has Plaintiff shown that NCR's conduct threatens to interfere with the rightful decision of this case.

**3.      NCR's Delay in the Prosecution of this Action**

Plaintiff argues that the terminating sanction of striking the answer and entering default judgment against NCR under the Court's inherent authority is warranted because NCR has deliberately and intentionally delayed Plaintiff's efforts to engage in discovery in

1  violation of Rule 1's[1] directive that a party's conduct should be consistent with "the just,

2  speedy, and inexpensive determination of every action and proceeding."  The Court finds

3  that this argument lacks merit.  Plaintiff has failed to specifically describe the "extreme

4  circumstances" that would justify a terminating sanction.  Nor has Plaintiff provided any

5  legal analysis with respect to the relevant factors that courts consider in determining

6  whether a terminating sanction is appropriate under the Court's inherent authority.  As

7  such, Plaintiff has failed to demonstrate that a terminating sanction is warranted.

8  **4.      Request for Remand For Discovery Misconduct**

9  Plaintiff argues that remand is an appropriate sanction for discovery misconduct.

10  However, because Plaintiff has failed to cite any authority for the proposition that remand

11  is an appropriate sanction under Rule 37 or the Court's inherent authority, the Court finds

12  that this objection lacks merit.

13  **IV.    CONCLUSION**

14  For the reasons stated above, IT IS HEREBY ORDERED THAT:

15  1.      The Court GRANTS Plaintiff's Motion for De Novo Determination of

16  Dispositive Matter Referred to Magistrate Judge, and DENIES the relief requested therein

17  based on a de novo review.

18  2.      This Order terminates Docket 66, 102, 103.

19  IT IS SO ORDERED.

20  Dated:  March 30, 2012

21  _____
   SAUNDRA BROWN ARMSTRONG

22  United States District Judge

23

24

25  [1] Rule 1 of the Federal Rules of Civil Procedure states that the Federal Rules of Civil
   Procedure "should be construed and administered to secure the just, speedy, and
26  inexpensive determination of every action and proceeding."  Fed.R.Civ.P. 1.

27

28