UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| TERRY DOUBT, an individual,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>NCR CORPORATION, a Maryland Corporation, and DOES 1 through 100, inclusive,<br><br>　　　　Defendants. | Case No:  C 09-05917 SBA<br><br>**ORDER**<br><br>Docket 66, 102, 103. |

　　　　Plaintiff Terry Doubt ("Plaintiff") brings the instant action against his former employer, NCR Corporation ("NCR"), alleging that he was wrongfully terminated.  On July 8, 2011, Plaintiff filed a Motion for an Order Remanding the Action to State Court, or in the Alternative, Striking the Answer of Defendant NCR Corporation and Entering its Default ("motion for sanctions"), Dkt. 66, which was referred to Magistrate Judge Spero ("the Magistrate") for a Report and Recommendation ("Report").  Dkt. 95.  The Magistrate issued a Report on December 5, 2011, recommending that this Court deny the motion for sanctions.

　　　　The parties are presently before the Court on Plaintiff's Motion for De Novo Determination of Dispositive Matter Referred to Magistrate Judge, which seeks a de novo determination of Plaintiff's motion for sanctions.  Dkt. 103.  Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS Plaintiff's motion and DENIES the relief requested therein based on a de novo

review, for the reasons stated below.  The Court, in its discretion, finds this matter suitable for resolution without oral argument.  See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

## I. BACKGROUND

On September 15, 2009, Plaintiff commenced the instant wrongful termination action against his former employer NCR.  Compl., Dkt. 1.  The action was removed to this Court on the basis of diversity jurisdiction on December 17, 2009.  Notice of Removal, Dkt. 1.

On February 18, 2011, Plaintiff served NCR with a thirty-eight page "person most knowledgeable" deposition notice, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure.  Joint Letter at 2, Dkt. 82.  The notice listed fifty-six categories (denoted as categories A-BB) upon which Plaintiff intended to depose NCR.  Id. Exh. 2, Dkt. 82-2. Plaintiff noticed the deposition for March 1, 2011, but later rescheduled the deposition for April 15, 2011.  Joint Letter at 2.  NCR met and conferred with Plaintiff to narrow the scope of the deposition.  Id.  NCR did not appear for its deposition on April 15, apparently believing that it had been continued during their meet and confer process.  Id.  However, NCR's counsel misunderstood Plaintiff's counsel's email, which conditioned continuing the deposition on NCR's filing of a motion for protective order.  Id.

In response to NCR's non-appearance for its deposition, Plaintiff filed a motion for sanctions with this Court on July 8, 2011, Dkt. 66, which was referred to the Magistrate. Dkt. 95.  In turn, NCR filed a motion for protective order to narrow the scope of its Rule 30(b)(6) deposition.  Dkt. 82.

On October 17, 2011, the Magistrate issued a ruling limiting the Rule 30(b)(6) deposition to the categories listed in section E, items 1-3, in the joint letter, and categories AT, AU and AV, and categories AN, AO and AP (limited to the 750b territory).  Dkt. 88. The Magistrate also ruled that the deposition shall occur no later than January 15, 2012.  Id. On October 28, 2011, Plaintiff filed a motion seeking relief from the Magistrate's ruling to the extent it limited the scope of NCR's Rule 30(b)(6) deposition.  The Court denied Plaintiff's motion for relief on November 28, 2011.  Dkt. 101.

On December 5, 2011, the Magistrate issued a Report denying Plaintiff's motion for sanctions. Report, Dkt. 102. In his Report, the Magistrate recommended against imposing the sanctions requested for discovery misconduct – remand or striking NCR's answer and entering default judgment. Id. at 5-6. Specifically, the Magistrate found that Plaintiff's contention that sanctions are warranted based on NCR's failure to appear at its 30(b)(6) deposition was moot because the Magistrate had already determined that NCR need not appear at its 30(b)(6) deposition until January 2012. Id. at 5. In addition, the Magistrate found that while "[p]laintiff's showing regarding the production of document[s] warrants inquiry by the court, [it] does not warrant the extreme step of sanctions" because "Plaintiff has not yet made any showing of prejudice to justify terminating sanctions"; noting that the record is not sufficient to show that any documents were actually withheld. Id. Finally, the Magistrate found that Plaintiff failed to cite any authority demonstrating that remand is appropriate, i.e., authority supporting the proposition that a court may decline to exercise jurisdiction over a properly removed case as a sanction. Id. at 6. On December 19, 2011, Plaintiff filed the instant motion, seeking de novo review of his motion for sanctions. Dkt. 103.

## II.     LEGAL STANDARD

Civil Local Rule 72-3(a) applies to orders issued by Magistrate Judges which are dispositive of a claim. Discovery sanctions in general are non-dispositive unless imposition of the sanction would be dispositive of a party's claim or defense. Oracle USA, Inc. v. SAP AG, 264 F.R.D. 541, 546 (N.D. Cal. 2009); see North Am. Watch Corp. v. Princess Ermine Jewels, 786 F.2d 1447, 1450 (9th Cir. 1986) (dismissal of counterclaim as a discovery sanction reviewed de novo).

Civil Local Rule 72-3(a) provides that any objection to a Magistrate Judge's Order must be made as a motion for de novo determination specifically identifying the portions of the Magistrate Judge's findings, recommendations or report to which objection is made and the reasons and authority therefor. Civ. L.R. 72-3(a). Any objections to a report and recommendation must be filed within fourteen days of receipt thereof. Fed.R.Civ.P. 72(b);

28 U.S.C. § 636(b)(1); Cal. Civ. L.R. 72-2, 72-3.  In turn, the district court must "make a de novo determination of those portions of the report to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1); see also Civ. L.R. 72-3(a) (requiring that any objections be accompanied by a motion for de novo determination).

## III.   DISCUSSION

Plaintiff moves for a de novo determination of his motion for sanctions, which seeks an order striking the answer and entering default judgment against NCR under Rule 37 of the Federal Rules of Civil Procedure and the Court's inherent authority as a terminating sanction for discovery misconduct.  Alternatively, Plaintiff seeks an order remanding this action as a sanction for discovery misconduct.

### A.   Terminating Sanctions

#### 1.   Rule 37

Rule 37 allows a district court to impose sanctions on a party who fails to obey a discovery order, which include, among other things: "(iii) striking pleadings in whole or in part [or] . . . (vi) rendering a default judgment against the disobedient party."  Fed.R.Civ.P. 37(b)(2).  The drastic terminating sanction of entry of default judgment against a defendant is "appropriate only in 'extreme circumstances' and where the violation is 'due to willfulness, bad faith, or fault of the party.' "  Fair Housing of Marin v. Combs, 285 F.3d 899, 905 (9th Cir. 2002).  This standard is met by "[d]isobedient conduct not shown to be outside the litigant's control."  Id.

The Ninth Circuit has developed a five part test to evaluate whether a terminating sanction under Rule 37 is just:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the [party seeking sanctions]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.

Valley Engineers, Inc. v. Electric Engineering Co., 158 F.3d 1051, 1057 (9th Cir. 1998).  The third and fifth factors, prejudice and availability of less drastic sanctions, are the

- 4 -

decisive factors.  Id.  The fifth factor, the availability of less drasticسcnctions, "involves consideration of three subparts: whether the court explicitly discussed alternative sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of dismissal."  Id.  "What is most critical for case-dispositive sanctions, regarding risk of prejudice and of less drastic sanctions, is whether the discovery violations 'threaten to interfere with the rightful decision of the case.' "  Id.

### 2. Inherent Authority of the Court

Sanctions pursuant to a court's inherent authority are appropriate upon a finding of "recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose."  Fink v. Gomez, 239 F.3d 989, 994 (9th Cir. 2001).  The appropriateness of a terminating sanction, such as entry of default judgment against a defendant, is subject to much the same considerations as those under Rule 37.  See Halaco Engineering Co. v. Costle, 843 F.2d 376, 380 (9th Cir. 1988).  Before ordering a terminating sanction, a district court must determine: (1) the existence of certain extraordinary circumstances; (2) the presence of willfulness, bad faith, or fault by the offending party; (3) the efficacy of lesser sanctions; (4) the relationship or nexus between the misconduct drawing the dismissal sanction and the matters in controversy in the case, and finally, as optional considerations where appropriate; (5) the prejudice to the party victim of the misconduct, and (6) the government interests at stake.  Id.  Entry of default under a court's inherent powers is justified only in extreme circumstances.  Id.  A terminating sanction must be "due to willfulness, fault, or bad faith."  Id.

### B. Motion for De Novo Determination of Dispositive Matter Referred to Magistrate Judge

As an initial matter, the Court notes that Plaintiff "respectfully takes issue with many of the Magistrate's characterizations" of his conduct related to discovery.  However, because the conduct of NCR is the focus of the inquiry with respect to the propriety of sanctions, the Court finds that the Magistrate's characterizations of Plaintiff's conduct are largely irrelevant.  See Adriana International Corp. v. Thoeren, 913 F.2d 1406, 1411 (9th

Cir. 1990) (to evaluate the appropriateness of sanctions, a court looks at the incidents of the allegedly offending party's misconduct). While Plaintiff's conduct is relevant for context, it is not germane to whether sanctions should be imposed against NCR. As such, the Court does not reach the disagreements Plaintiff has with the Magistrate's characterization of his conduct. Instead, the Court will address the objections to the Report concerning the propriety of imposing sanctions against NCR.

### 1. NCR's Failure to Comply with Discovery Order

Plaintiff argues that the terminating sanction of striking the answer and entering default judgment against NCR is warranted under Rule 37 because NCR failed to comply with a discovery order by refusing to produce documents and by interposing objections other than privilege. In this regard, Plaintiff objects to the Magistrate's determination that: "Plaintiff's showing regarding the production of document[s] warrants inquiry by the court, but does not warrant the extreme step of sanctions." According to Plaintiff, the Magistrate erroneously found that: "Plaintiff has not yet made any showing of prejudice to justify terminating sanctions. The record is not sufficient to show that any documents were in fact withheld, let alone that they would have been important in the case."

The Court finds that Plaintiff's argument lacks merit. Plaintiff has failed to set forth the standard for determining whether a terminating sanction is warranted under Rule 37, let alone provide cogent legal analysis demonstrating that the drastic sanction of striking the answer and entering default against NCR is warranted. Plaintiff, for instance, has not shown that NCR willfully or in bad faith violated a discovery order. Further, Plaintiff has not demonstrated that the harsh penalty of a terminating sanction is warranted under the five-part test governing whether a terminating sanction is just. Among other things, Plaintiff has not shown that he suffered any prejudice as a result of NCR's conduct, or that less drastic sanctions are not available. Nor has Plaintiff shown that NCR's conduct threatens to interfere with the rightful decision of this case.

///

///

### 2.  NCR's Failure to Appear for its Rule 30(b)(6) Deposition

Plaintiff argues that the terminating sanction of striking the answer and entering default judgment against NCR is warranted under Rule 37 because NCR deliberately failed to appear for its Rule 30(b)(6) deposition on April 15, 2011.  In this regard, Plaintiff objects to the Magistrate's determination that: "Plaintiff's claim that sanctions are warranted for failure to appear at the 30(b)(6) deposition is moot [because the Magistrate] has determined that [NCR] need not appear at the 30(b)(6) deposition until January, and then need only provide a witness on a small fraction of the categories for which the deposition was originally noticed.  Since [NCR] is, as of this date, in compliance with the orders of this court on this deposition, no sanctions are warranted."

The Court finds that Plaintiff's argument lacks merit.  Even assuming as Plaintiff argues that NCR deliberately failed to appear for its Rule 30(b)(6) deposition on April 15, 2011, the Magistrate subsequently granted NCR's motion for a protective order.  In granting this motion, the Magistrate limited the scope of the 30(b)(6) deposition and ordered that it need not take place until January 15, 2012.  Plaintiff has not shown that the Magistrate erred by granting the protective order.  Moreover, even assuming that NCR deliberately failed to appear for its deposition and the Magistrate erred by granting the motion for protective order, Plaintiff did not demonstrate that the harsh penalty of a terminating sanction is warranted.  Plaintiff has not provided any legal analysis with respect to the five-part test governing whether a terminating sanction is appropriate under Rule 37.  Again, Plaintiff has not shown that it has suffered prejudice as a result of NCR's conduct, or that less drastic sanctions are not available.  Nor has Plaintiff shown that NCR's conduct threatens to interfere with the rightful decision of this case.

### 3.  NCR's Delay in the Prosecution of this Action

Plaintiff argues that the terminating sanction of striking the answer and entering default judgment against NCR under the Court's inherent authority is warranted because NCR has deliberately and intentionally delayed Plaintiff's efforts to engage in discovery in

violation of Rule 1's[1] directive that a party's conduct should be consistent with "the just, speedy, and inexpensive determination of every action and proceeding." The Court finds that this argument lacks merit. Plaintiff has failed to specifically describe the "extreme circumstances" that would justify a terminating sanction. Nor has Plaintiff provided any legal analysis with respect to the relevant factors that courts consider in determining whether a terminating sanction is appropriate under the Court's inherent authority. As such, Plaintiff has failed to demonstrate that a terminating sanction is warranted.

### 4. Request for Remand For Discovery Misconduct

Plaintiff argues that remand is an appropriate sanction for discovery misconduct. However, because Plaintiff has failed to cite any authority for the proposition that remand is an appropriate sanction under Rule 37 or the Court's inherent authority, the Court finds that this objection lacks merit.

## IV. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1. The Court GRANTS Plaintiff's Motion for De Novo Determination of Dispositive Matter Referred to Magistrate Judge, and DENIES the relief requested therein based on a de novo review.

2. This Order terminates Docket 66, 102, 103.

IT IS SO ORDERED.

Dated: March 30, 2012

                                      *Saundra B Armstrong*
                                      SAUNDRA BROWN ARMSTRONG
                                      United States District Judge

---

[1] Rule 1 of the Federal Rules of Civil Procedure states that the Federal Rules of Civil Procedure "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed.R.Civ.P. 1.